**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | |
|---|---|
| **JACK B.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. CBD-18-3057** |
| ) | |
| **ANDREW SAUL,[1]** ) | |
| ) | |
| **Acting Commissioner,** ) | |
| **Social Security Administration** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Jack B. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review

of the final decision of the Commissioner of the Social Security Administration

("Commissioner").  The Administrative Law Judge ("ALJ") denied Plaintiff's claim for

Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA") from

June 1, 2012 through October 6, 2016.  Before the Court are Plaintiff's Motion for Summary

Judgment, ECF No. 14, ("Plaintiff's Motion"), Plaintiff's Alternative Motion for Remand, ECF

No. 14, ("Plaintiff's Alternative Motion"), and Defendant's Motion for Summary Judgment

("Commissioner's Motion"), ECF No. 17.  The Court has reviewed the motions, related

memoranda, and the applicable law.  No hearing is deemed necessary.  *See* Loc. R. 105.6 (D.

Md.).  For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES**

---

[1] When this proceeding began, Nancy Berryhill was the Acting Commissioner of the Social Security Administration.  On June 17, 2019, Andrew Saul was sworn in as Commissioner and is therefore, automatically substituted as a party.  *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

Commissioner's Motion, **GRANTS** Plaintiff's Alternative Motion, and **REMANDS** the ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.  A separate order will issue.

## I.    Procedural Background

On September 17, 2014, Plaintiff filed for DIB under Title II of the SSA, alleging disability beginning June 1, 2012.  R. 17.  Plaintiff alleged disability due to cervical fusion, stenosis, diabetes, low blood platelets, arthritis, cirrhosis of the liver, and depression.  R. 132. Plaintiff's claims were initially denied on April 30, 2015 and upon reconsideration on August 20, 2015.  R. 17.  An administrative hearing was held on April 27, 2017.  R. 17.  On August 4, 2017, the ALJ found that Plaintiff was not disabled from the alleged onset date of June 1, 2011 to October 6, 2016.  R. 27.  However, the ALJ found that Plaintiff has been disabled beginning October 6, 2016.  R. 27.  Plaintiff sought review by the Appeals Council, which concluded on June 11, 2018, that there was no basis for granting the request for review.  R. 5.  Plaintiff subsequently filed an appeal with this Court.  ECF No. 1.

## II.    Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2019). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law.  *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).  "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot

overturn the decision, even if it would have reached a contrary result on the same evidence."
*Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is
"more than a mere scintilla." *Russell*, 440 F. App'x at 164. "It means such relevant
evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.
(citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456
(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks
omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less
than a preponderance. If there is evidence to justify a refusal to direct a verdict were the
case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court
"determine the weight of the evidence" or "substitute its judgment for that of the Secretary
if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations
omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he
language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court
uphold the Secretary's decision even should the court disagree with such decision as long as
it is supported by 'substantial evidence.'"). The ALJ, not the Court, has the responsibility to
make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations
omitted). If the ALJ's factual finding, however, "was reached by means of an improper
standard or misapplication of the law," then that finding is not binding on the Court.
*Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title II if he is unable "to do
any substantial gainful activity by reason of any medically determinable physical or mental
impairment which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (2012). The

Code of Federal Regulations outlines a five-step process that the Commissioner must follow to

determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R.
   § 404.1520(a)(4)(i) (2012). If he is doing such activity, he is not disabled. If he
   is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or
   mental impairment that meets the duration requirement in § [404.1509], or a
   combination of impairments that is severe and meets the duration requirement."
   20 C.F.R. § 404.1520(a)(4)(ii) (2012). If he does not have such impairment or
   combination of impairments, he is not disabled. If he does meet these
   requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of
   [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration
   requirement." 20 C.F.R. § 404.1520(a)(4)(iii) (2012). If he does have such
   impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC")
   to perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv) (2012). If he
   can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC,
   age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v) (2012). If he
   can perform other work, he is not disabled. If he cannot, he is disabled.

20 C.F.R. §§ 404.1520(a)(4) (2012). Plaintiff has the burden to prove that he is disabled at steps

one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step

five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any

physical and mental limitations on a "regular and continuing basis." 20 C.F.R. § 404.1545(b)–

(c) (2012). In making this assessment, the ALJ "must consider all of the claimant's 'physical

and mental impairments, severe and otherwise, and determine, on a function-by-function basis,

how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th

Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *See also* 20 C.F.R. §

404.1545(a) (2012).  The ALJ must present a "narrative discussion describing how the evidence

supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical

evidence (e.g. daily activities, observations)," and must then "explain how any material

inconsistencies or ambiguities in the evidence in the case record were considered and resolved."

*See Thomas*, 916 F.3d at 311; SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996).  "Once

the ALJ has completed the function-by-function analysis, the ALJ can make a finding as to the

claimant's RFC."  *Thomas*, 916 F.3d at 311.  "Ultimately, it is the duty of the [ALJ] reviewing

the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts

of evidence."  *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir.

1979)).  "[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to

perform relevant functions, despite contradictory evidence in the record, or where other

inadequacies in the ALJ's analysis frustrate meaningful review."  *Mascio v. Colvin*, 780 F.3d

632, 636 (4th Cir. 2015) (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

## III.    Analysis

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation

process.  R. 19–26.  At step one, the ALJ determined that Plaintiff had not engaged in substantial

gainful activity since June 1, 2012, the alleged onset date of Plaintiff's disability.  R. 19.  At step

two, under 20 C.F.R. § 404.1520(c) the ALJ determined that Plaintiff had the following severe

impairments: cirrhosis of the liver, obesity, thrombocytopenia, and degenerative disc disease of

the lumbar and cervical spine.  R. 19.  At step three, the ALJ determined Plaintiff "has not had an

impairment or combination of impairments that meets or medically equals the severity of one of

the listed impairments in in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§

404.1520(d), 404.1525, and 404.1526)." R. 20. Before turning to step four, the ALJ determined that claimant had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following additional limitations:

> [Plaintiff] can occasionally climb ramps and stairs. [Plaintiff] can never climb ladders, ropes, and scaffolds. [Plaintiff] can occasionally balance, stoop, kneel, crouch and crawl. [Plaintiff] can never be exposed to unprotected heights, and mechanical parts.

R. 21. At step four, the ALJ determined Plaintiff is unable to perform any past relevant work. R. 25. At step five, with the benefit of a Vocational Expert ("VE"), the ALJ found that "prior to October 6, 2016 . . . there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed." R. 26. These jobs include: sorter, laundry folder, and housekeeping cleaner. R. 26.

On appeal, Plaintiff argues that the Court should reverse the ALJ's decision, or in the alternative remand this matter for a new administrative hearing, alleging that the ALJ's RFC determination was not supported with substantial evidence because: (1) The ALJ "fail[ed] to explain why she omitted the manipulative limitations from Plaintiff's RFC for which she afforded great weight" and (2) "The ALJ failed to follow the special technique regulation outlined in 20 C.F.R. § 404.1520(a)." Pl.'s Mem in Supp. of Pl.'s Mot. 11,13, ECF No. 14–1.

**A. The ALJ's RFC analysis was not supported by substantial evidence because the ALJ failed to consider Plaintiff's manipulative limitations in the RFC analysis.**

Plaintiff asserts that the RFC presented to the VE was insufficient because the ALJ failed to include or discuss a reaching limitation as opined by Dr. Montemayor. Pl.'s Mem in Supp. of Pl.'s Mot. 11. Plaintiff contends the failure to address the reaching limitation conflicts with the ALJ's accordance of great weight to Dr. Montemayor's opinion. *Id.* Plaintiff also avers that the ALJ's omission of Plaintiff's reaching limitation materially harmed Plaintiff because the three

jobs the VE stated that existed in significant numbers in the national economy that Plaintiff could have performed, all require the capacity to reach on a frequent basis. *Id.* at 12. Defendant concedes that the ALJ did not include a reaching limitation in the RFC analysis, but that the omission itself is not an error because "the ALJ properly acted as a fact-finder and came to the reasonable conclusion that the RFC fully accounted for Plaintiff's symptoms." Def.'s Mem. in Supp. of Def.'s Mot. 5., ECF No. 17. The Court agrees with Plaintiff.

Generally, the Court will affirm the Social Security Administration's disability determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. *Woods v. Berryhill*, 888 F.3d 686, 691 (4th Cir. 2018) (citing *Mascio*, 780 F.3d at 634). But when performing an RFC assessment, the ALJ must provide a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184, at *7 (S.S.A). "In other words, the ALJ must *both* identify evidence that supports his conclusion *and* 'build an accurate logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694.

A proper RFC analysis has three components: (1) evidence; (2) logical explanation; and (3) conclusion. *Thomas*, 916 F.3d at 311. The ALJ's logical explanation is just as important as the other two. *Id*. Without a proper narrative discussion from the ALJ, it is impossible for the Court to determine whether the decision was based on substantial evidence. *Geblaoui v. Berryhill*, No. CBD-17-1229, 2018 WL 3049223, at *3 (D. Md. June 20, 2018) (citing *Jones v. Astrue*, No. SKG-09-1683, 2011 WL 5833638, at *14 (D. Md. Nov. 18, 2011)). "The ALJ has the obligation to consider *all* relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (emphasis added). The ALJ must also

include "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Monroe*, 826 F.3d at 189 (citing *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)).

In this case, the ALJ stated that Plaintiff has RFC to perform light work as defined in 20 C.F.R. 404.1567(b) except with the following limitations:

> [Plaintiff] can occasionally climb ramps and stairs. [Plaintiff] can never climb ladders, ropes, and scaffolds. [Plaintiff] can occasionally balance, stoop, kneel, crouch and crawl. [Plaintiff] can never be exposed to unprotected heights, and mechanical parts.

R. 21. After providing Plaintiff's RFC, the ALJ summarizes Plaintiff's allegations of symptoms. R. 21–22. The ALJ then summarizes the medical evidence on record and provides an analysis as to whether the medical evidence supports the degree of limitation alleged by Plaintiff. R. 22–24. The ALJ concluded:

> After careful consideration of the evidence, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported for the reasons explained in this decision.

R. 24. Further, the ALJ addresses the opinion evidence including the opinion of Dr. Melanie Montemayor, stating:

> [Plaintiff] attended a consultative examination on January 24, 2015 with Melanie Montemayor, M.D. Dr. Montemayor opined [Plaintiff] can sit, stand and walk normally in an 8-hour workday with normal breaks. [Plaintiff] does not need an assistive device with regards to short and long distances and uneven terrain. Dr. Montemayor opined [Plaintiff] can be expected to lift and carry at least 25 pounds frequently and 50 pounds occasionally. Dr. Montemayor opined [Plaintiff] can occasionally perform bending, stooping, crouching, squatting due to chronic low back pain. *It was opined that [Plaintiff] would have manipulative limitations such that he can occasionally reach due to decreased range of motion of the cervical spine.* There are no manipulative limitations

on handling, feeling, grasping, fingering, and [Plaintiff] will be able to perform these frequently. *This opinion is given great weight based upon the examination of Dr. Montemayor, but, based on [Plaintiff] allegations of pain, the residual functional capacity has been reduced to the light exertional level.*

R. 24. (internal citations omitted) (emphasis added).

The Court finds that the ALJ's analysis and discussion of Plaintiff's RFC tracks the longitudinal course of treatment for Plaintiff's degenerative changes of the cervical spine, degenerative disc disease, diabetes, cirrhosis of the liver, and mental impairments. R. 22–23. The Court further finds that the ALJ provided a detailed analysis with citations to the medical records, negating the degree of limitation Plaintiff alleges. However, when reviewing "the great weight" the ALJ accorded to Dr. Montemayor's opinion that Plaintiff can only "occasionally reach due to decreased range of motion of the cervical spine" with the ALJ's RFC limitations, which do not address Plaintiff's reaching limitations, the Court is left to guess how the ALJ arrived to the RFC conclusion. The Court finds that the omission affected the outcome of the case because the three jobs the VE stated that Plaintiff could do (sorter, laundry folder, and housekeeping cleaner) all require a capacity to frequently reach. R. 76. The Court finds the ALJ failed to sufficiently "explain why the [medical source] opinion was not adopted" or why the ALJ omitted Dr. Montemayor's opinion regarding the reach limitations. SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996). On one hand the ALJ highlights evidence which states Plaintiff can only occasionally reach due to issues with the cervical spine, and on the other hand, the ALJ provides an RFC to the VE who in turn, relying on the ALJ's RFC, suggests that Plaintiff can perform three jobs which require a capacity to frequently reach.

Without knowing the ALJ's thought process, the Court finds it has no way of evaluating the basis of the ALJ's decision, therefore, the proper course is to remand the case to properly address the deficiency in the RFC. *Radford*, 734 F.3d at 295; *See also Monroe*, 826 F.3d at 188.

**B.  The ALJ failed to conduct the "special-technique analysis" as set forth in 20 C.F.R. § 404.1520a.**

Plaintiff avers that remand is required because the ALJ was required to use the special-technique analysis set forth in 20 C.F.R. § 404.1520a to "determine whether Plaintiff established a medically determinable mental impairment, and if so, rate the severity of the impairment." Pl.'s Mem. in Supp. of Pl.'s Mot. 17.  Plaintiff contends the special technique was required because Plaintiff alleged a mental impairment, and there were multiple instances of record evidence in which a mental impairment was addressed. *Id*. at 13–17.  Defendant on the other hand, concedes that "the ALJ did not perform the exact technique as spelled out in the regulation," however, Defendant states that the ALJ did "[consider] all of the relevant evidence, and her narrative discussion makes abundantly clear her finding that there was no mental impairment that caused any limitations."  Def.'s Mem. in Supp. of Def.'s Mot. 6.  Further, Defendant avers that since the ALJ's failure to perform the exact technique was a harmless procedural flaw and does not hinder judicial review, remand is not warranted. *Id.* at 5–7.  The Court agrees with Plaintiff.

As set forth by 20 C.F.R. § 404.1520a, when evaluating the severity of mental impairments for adults, an ALJ must follow a special technique at each level in the administrative process.  20 C.F.R. § 404.1520a(a) (2017).  An ALJ must first evaluate a claimant's symptoms, signs, and laboratory findings to determine whether the claimant has a medically determinable mental impairment.  20 C.F.R. § 404.1520a(b)(1) (2017).  The ALJ is then tasked with rating the degree of functional limitation that results from the impairments.  20

C.F.R. § 404.1520a(b)(2) (2017). Once the ALJ rates the degree of functional limitation that

results from the impairment, the ALJ must determine the severity of the mental impairment. 20

C.F.R. § 404.1520a(d) (2017). After the technique is applied, the ALJ is supposed to include the

results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council
> levels, the written decision must incorporate the pertinent findings
> and conclusions based on the technique. The decision must show
> the significant history, including examination and laboratory
> findings, and the functional limitations that were considered in
> reaching a conclusion about the severity of the mental
> impairment(s). The decision must include a specific finding as to
> the degree of limitation in each of the functional areas described in
> paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4) (2017). "The special-technique regulation's plain language

describes what the SSA must do." *See Patterson v. Comm's of Soc. Sec. Admin.*, 846 F.3d 656,

661 (4th Cir. 2017). "The weight of authority suggests that failure to properly document

application of the special technique will rarely, if ever, be harmless because such a failure

prevents, or at least substantially hinders judicial review." *Id.* at 662 (holding that the ALJ's

failure to apply the special-technique regulation was not a harmless error because the ALJ "did

not explain how he weighed all relevant evidence, he did not rate the claimant's four areas of

functional limitations listed in [20 C.F.R.] § 1520a(c)(3) according to the prescribed scale, nor

did he explain how he reached is conclusions about the severity of the mental impairment."); *See*

*also Quinones v. Saul*, C/A No. 1:18-3561-BHH-SVH, 2019 WL 7461669, at *15 (D.S.C. Dec.

18, 2019) (holding that as a result of the ALJ's failure to show her work, the Court could not

meaningfully review the ALJ's attempt to apply the special-technique analysis). Without

documentation of the special technique, it is difficult to discern how the ALJ treated relevant and

conflicting evidence. *Patterson*, 846 F.3d at 662.

In this case, the ALJ identifies Plaintiff's alleged deficits in concentration and memory. R. 21. The ALJ concluded that Plaintiff never alleged a mental impairment, nor did Plaintiff receive treatment for mental impairments. R. 23. In support of this conclusion, the ALJ cited to Plaintiff's filings for disability. R. 23 (citing R. 199, 226).[2] However, despite the ALJ's contention that Plaintiff never alleged a mental impairment, Plaintiff in his Disability Report dated May 12, 2015, states:

> **3.B Since you last told us about your medical conditions, do you have any <u>NEW</u> physical or mental conditions? [Plaintiff's Answer] Yes**
>
> ***
>
> If "YES," please describe in detail:
> [Plaintiff's Answer] **liver cirrhosis NASH and depression**

R. 226. Additionally, in denying Plaintiff's claims on reconsideration, the SSA sent a Notice of Reconsideration which stated:

> You said you were unable to work because of cervical fusion, stenosis, diabetes, low blood platelets, arthritis, cirrhosis and *depression*.

R. 132 (emphasis added). The ALJ plainly erred in her contention that Plaintiff never alleged a mental impairment. The ALJ not only conceded that Plaintiff alleged deficits in concentration and memory, R. 21, but the medical records clearly show Plaintiff alleged a mental impairment. R. 132, 226. The ALJ also identified medical records of Plaintiff's April 2015 visit with Eva Anderson, Ph.D., which reported that Plaintiff's mood was mildly depressed and affect was unremarkable. R. 23. There are multiple instances throughout the record showing Plaintiff had mental impairments. Dr. Anderson diagnosed Plaintiff with "adjustment disorder with depressed and anxious mood." R. 649. Dr. Ewell, a state agency psychologist, determined that anxiety

---

[2] In the ALJ's opinion, the ALJ cited to Exhibits 1E and 5E of the record. The Court has reformatted the ALJ's citations in this Memorandum Opinion to conform to Rule 10.8.3 and B17.1.2 of the BlueBook Uniform System of Citation.

disorders was a severe impairment for Plaintiff. R. 91. Dr. Patricia Cott also determined anxiety

was a severe impairment for Plaintiff. R. 107. Lastly, during the administrative law hearing,

Plaintiff's wife testified that "[Plaintiff] is not his happy-go-lucky self anymore like he used to

be. He's very depressed, due to his health." R. 66.

At step one under the special-technique analysis, the ALJ must evaluate the evidence and

determine whether a claimant has a medical determinable mental impairment. 20 C.F.R. §

404.1520a(b)(1) (2017). The ALJ evaluated Plaintiff's pertinent symptoms and signs to

determine whether Plaintiff had a medically determinable mental impairment. The ALJ provided

a narrative discussion analyzing the medical evidence concluding that Plaintiff did not have a

mental impairment that caused any limitation. The Court finds that the ALJ's analysis at step

one fails because the ALJ performed it under the false impression that Plaintiff's did not allege a

mental health impairment. "An ALJ's failure to comply with [the special-technique analysis] is

not harmless if the claimant has a 'colorable claim of mental impairment.'" *See Edna Faye H. v.

Saul*, Civil No. TMD-18-581, 2019 WL 4643797, at *6 (D. Md. Sept. 24, 2019) (quoting *Keyser

v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 726 (9th Cir. 2011)). While the Court could surmise

based on its own review of the evidence that Plaintiff may have a medically determinable mental

impairment, this would be beyond the role of the Court. *See Hays*, 907 F.2d at 1456. It is the

ALJ who is tasked with "build[ing] an accurate and logical bridge from the evidence to [her]

conclusion." *Monroe*, 826 F.3d at 189. By failing to consider Plaintiff's allegations, the ALJ

failed to build a logical bridge from the evidence to her conclusion.

Defendant argues that even though the ALJ did not perform the special-technique

analysis, since the Court is able to review the ALJ's analysis which shows Plaintiff had normal

mental status examinations, a lack of mental health treatment, and lack of an alleged mental

disorder, remand is not necessary because the ALJ's failure to perform the special-technique function was only a procedural flaw.  Def.'s Mem. in Supp. of Def.'s Mot. 6.  It is not the Court's role to "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence," *Hays*, 907 F.2d at 1456.  The ALJ did not consider Plaintiff's mental impairment allegation.  The ALJ's analysis regarding Plaintiff's mental health was premised on a flawed assumption and therefore, is insufficient.

Whether the special-technique function would have been required when there is no allegation of a mental impairment as discussed by Defendant, is not within the scope of review in this case because there is an allegation of a mental impairment.  As a result, the Court remands the case with instruction to consider Plaintiff's allegation of a mental impairment.  The Court further instructs the ALJ to comply with the special-technique analysis in 20 C.F.R. § 404.1520a. *See Patterson* 846 F.3d at 662 ("Failure to document application of the special-technique regulation constitutes error.").

IV.    **Conclusion**

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **GRANTS** Plaintiff's Alternative Motion, and **REMANDS** this matter for further proceedings.


January 21, 2020                                           _____/s/_____
                                                          Charles B. Day
                                                          United States Magistrate Judge


CBD/hjd